**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:19-cv-402-GCM**

| | |
|---|---|
| **LONNIE ROBERT MITCHELL,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**SUNTRUST BANK,**<br><br>       **Defendant.** | **ORDER** |

This matter is before the Court on Plaintiff's Pro Se Motion to Remand ("Motion") (Doc. No. 8). Defendant filed its Response (Doc. No. 10). Plaintiff did not reply. This matter is now ripe for adjudication. For the reasons discussed below, Plaintiff's Motion is **denied**.

## I.     BACKGROUND

On July 18, 2019, pro se Plaintiff Lonnie Robert Michell filed an action against Defendant SunTrust Bank in the Superior Court of Mecklenburg County, North Carolina. (Doc. No. 1-1, at 3). Plaintiff achieved service on Defendant on July 18, 2019. (Doc. No. 1-1, at 1). Twenty-nine days later, Defendant filed its Notice of Removal (Doc. No. 1) to this Court based on diversity jurisdiction. Plaintiff is a citizen of North Carolina. (Doc. No. 1-1, at 3). Defendant is a Georgia state-chartered bank and a citizen of Georgia. (Doc. No. 1, at 2). Plaintiff seeks "judgment against the [D]efendant[] in the sum of $225,500." (Doc. No. 1-1, at 4).

## II.     STANDARD OF REVIEW

"Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151

(4th Cir. 1994) (citation omitted). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.* (citations omitted). The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides in relevant part:

> (a) ... any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

*Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (citations omitted).

## III.    DISCUSSION

Here, Plaintiff makes two arguments that this case should be remanded. First, Plaintiff argues that the Court does not have diversity jurisdiction. (Doc. No. 8-1). The crux of his argument is that Defendant's representation in its Notice of Removal that Plaintiff is a citizen of North Carolina was false because he is "a flesh and blood man under God." (Doc. No. 8-1, at 8). However, Plaintiff based that representation on Plaintiff's own Complaint, where he indicated that he was a citizen and resident of Rowan County, North Carolina. (Doc. No. 1-1, at 3). Thus, the Court turns to Defendant's citizenship and the amount in controversy. Defendant asserts that it is a citizen of Georgia. (Doc. No. 1, at 2). Plaintiff does not dispute that fact. (Doc. No. 8-1. at 10). Thus, there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a)(1). In addition, the matter in controversy exceeds $75,000.00, satisfying the amount in controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Accordingly, Plaintiff's first argument is without merit and the Court has original jurisdiction over this matter.

Plaintiff's second argument is unclear but appears to be that the Defendant's Notice of Removal was defective either because various documents filed by the Defendant did not indicate the Plaintiff on the backside of each page or because they were otherwise filed inconsistently with "G.S. 25 UCC 1-308" and "UPU Legal Subpoena Postal Rules [a]nd Regulations 18 U.S.C. §

1341." (Doc. No. 8-1, at 8). However, neither N.C.G.S.A. § 25-1-301 (explaining that the parties to a business contract may choose the law governing that contract) nor 18 U.S.C.A. § 1341 (explaining the crime of mail fraud) require Defendant to indicate the Plaintiff on the backside of each page of their filings or otherwise support Plaintiff's position that the Court does not have jurisdiction over this matter. Thus, Plaintiff's second argument is also without merit.

## IV.  CONCLUSION

Because the matter in controversy exceeds $75,000 and is between citizens of different states, the Court has original jurisdiction over this action. *See* 28 U.S.C. § 1332(a). Accordingly, Plaintiff's Motion is **denied**.

**SO ORDERED.**

Signed: October 31, 2019

Graham C. Mullen
United States District Judge