# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00402

| | |
|---|---|
| LONNIE ROBERT MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| SUNTRUST BANK, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss. [Doc. 5].

## I. BACKGROUND

On July 1, 2019, Plaintiff Lonnie Robert Mitchell ("Plaintiff") filed a Complaint against Defendant SunTrust Bank ("SunTrust") in the Superior Court of Mecklenburg County, North Carolina. Although the Plaintiff's putative causes of action and the underlying factual bases therefore, if any, are in very large part unclear to the Court, it appears Plaintiff disputes or seeks clarification regarding Defendant's possession and/or recording of a "blue inked signed Mortgage Promissory NOTE and the County Recorded Mortgage Debt Lien Contract Security." [Doc. 1-1 at 44; see id. at 3-4, 43-47].

The Civil Summons names as Defendant, "SunTrust Bank," located at "1001 Semmes Avenue" in Richmond, Virginia. [Doc. 1-1 at 7]. According to the Affidavit of Service of Process ("Service Affidavit") filed by Plaintiff on July 25, 2019, Plaintiff served "SunTrust Bank Mortgage" at "901 Semmes Avenue, Richmond Virginia" on July 18, 2019.[1] On August 16,

---

[1] Although the Service Affidavit states that an original receipt or proof of signature confirmation is attached to the Service Affidavit, no such proof is attached. [Doc. 1-1 at 1].

2019, SunTrust filed a Notice of Removal with this Court based on diversity jurisdiction, 28 U.S.C. § 1332. [Doc. 1]. Plaintiff moved to remand the case to the Superior Court of Mecklenburg County. [Doc. 8]. The Court denied Plaintiff's motion to remand, finding subject matter jurisdiction proper with this Court. [Doc. 16].

On August 22, 2019, Defendant filed the pending motion to dismiss, pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 5]. On August 27, 2019, the Court advised Plaintiff of his right to respond to Defendant's motion and the possible consequences for failing to do so. [Doc. 7]. Plaintiff responded to Defendant's motion [Doc. 9] and Defendant replied [Doc. 12]. Thus, this matter is ripe for disposition.

## II.  ANALYSIS

Defendant argues, in part, that Plaintiff's Complaint should be dismissed for insufficiency of process and insufficiency of service of process under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, respectively.

This Court can exercise jurisdiction over the Defendant only if there is valid service of process over the Defendant. Armco, Inc. v. Penrod-Stauffer Bldg. Sys., 733 F.2d 1087, 1089 (4th Cir. 1984).

Defendant argues that process and service of process were insufficient under Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure because the Summons and Complaint were not directed to an "officer, director, or managing agent" of Defendant. [Doc. 6 at 3].

Federal Rule of Civil Procedure 4(h) provides the allowable means of serving a corporation. Under Rule 4(h), service may be made (1) as set forth in the manner prescribed by Rule 4(e)(1), which requires "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is

2

made;" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h).

State law, that is Rule 4(j)(6) of the North Carolina Rules of Civil Procedure, states that service may be made upon a corporation by:

> a. By delivering a copy of the summons and of the complaint to **an officer, director, or managing agent of the corporation** or by leaving copies thereof in the office of **such officer, director, or managing agent** with the person who is apparently in charge of the office.
>
> b. By delivering a copy of the summons and of the complaint to an **agent authorized by appointment or by law** to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, **addressed to the officer, director or agent** to be served as specified in paragraphs a and b.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the **officer, director, or agent to be served** as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C.G.S. § 1A-1, Rule 4(j)(6)(a)-(d) (emphasis added). Further, North Carolina law requires strict compliance with service statutes. A plaintiff who fails to comply with them, even where actual notice occurs, does not properly serve the defendant. Stack v. Union Reg'l Mem. Med. Ctr., Inc., 614 S.E.2d 378, 382 (N.C. App. 2005); Quiet Reflection Retreat, Inc. v. Bank of New York Mellon, No. COA17-887, 2018 WL 1802012 (N.C. App. Apr. 17, 2018) (unpublished

3

decision). Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed. Shaver v. Cooleemee Volunteer Fire Dep't, No. 1:07cv00175, 2008 WL 924560, at *2 (W.D.N.C. Apr. 7, 2008) (internal quotation marks and citations omitted). The rules of service apply equally to represented and pro se litigants and courts are not to overlook procedural deficiencies simply because actual notice occurred. Id. (citing Stack, 614 S.E.2d at 382; Hoyle v. United Auto Workers Local Union 5285, 444 F.Supp.2d 467, 747 (W.D.N.C. 2006)).

Here, Plaintiff did not properly serve Defendant. The Summons and Complaint were not directed or addressed to any of the above-identified individuals as required by Rule 4(j) of the North Carolina Rules of Civil Procedure. Plaintiff sent the Summons and Complaint to either "SunTrust Bank Mortgage" or "SunTrust Bank" at "901 Semmes Avenue, Richmond Virginia," as shown on Plaintiff's Service Affidavit filed with the Superior Court of Mecklenburg County on July 25, 2019. [Doc. 1-1 at 1]. There is no indication of service on an officer, director, or managing agent of the Defendant. Also, despite attesting to having served Defendant via certified mail, return receipt requested, Plaintiff did not attach such proof of service to his Service Affidavit demonstrating compliance with Rule 4 of the Federal Rules of Civil Procedure. [See Doc. 1-1 at 1]. As such, Plaintiff has failed to properly serve process on Defendant and the Complaint must be dismissed.

Plaintiff argues that service was proper because an "agent" of Defendant received and signed a U.S. Postal Service "Green Return Receipt" on delivery of the Complaint to Defendant on July 18, 2019. [Doc. 9 at 2]. Plaintiff references the Green Return Receipt "filed with the court." The Court, however, cannot locate this Receipt in the record. In any event, even if an employee or agent of Defendant signed for a document that was sent by Plaintiff, service remains

ineffectual. Plaintiff has not shown that he directed process to an officer, director, or managing agent of the corporation and the record reflects that he did not.

In sum, for the reasons stated herein, the Court will grant Defendant's motion to dismiss pursuant to Rules 12(b)(4) and (5), Fed. R. Civ. P., for Plaintiff's failure to comply with service requirements and the action will be dismissed for lack of jurisdiction pursuant to Rule 12(b)(2), Fed. R. Civ. P.[2]

### III. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss [Doc. 5] is **GRANTED**, and Plaintiff's action is dismissed without prejudice.

2. The Clerk is directed to terminate this action.

Signed: November 22, 2019

Graham C. Mullen
United States District Judge

---

[2] In addition to the deficiency in service, Plaintiff's putative claims would be subject to dismissal in any event under Rule 12(b)(6), Fed. R. Civ. P. Because Plaintiff is proceeding pro se, the Court cautions Plaintiff that several of the causes of action Plaintiff seeks to assert are not recognized causes of action in the first place and afford Plaintiff no relief. To the extent Plaintiff alludes to a breach of contract, for instance, Plaintiff's allegations are indecipherable and couched in so much superfluous rhetoric as to be unreadable. To the extent the Court can make sense of any of Plaintiff's filings in this case, there do not appear to be any viable claims for relief.